**Matilda STACY, Administratrix of the Estate of Earsel Stacy, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary, Health, Education & Welfare, Defendant.**

**Civ. A. No. 70–C–71–A.**

United States District Court, W. D. Virginia, Abingdon Division.

Jan. 13, 1971.

Douglas G. Campbell, Harman & Harman, Tazewell, Va., for plaintiff.

Birg E. Sergent, Asst. U. S. Atty., Roanoke, Va., for defendant.

OPINION AND JUDGMENT

DALTON, Chief Judge.

This action involves an attempt to overturn the defendant's denial of social security disability benefits. The claimant died after the institution of this suit and his Administratrix has been substituted as party plaintiff.

The claimant was born in 1922, attended school for seven years, and served in the Navy in World War II, receiving an honorable discharge. Since

that time he worked principally as a brakeman in the coal mines. Although a thoracotomy and a lobectomy were performed on him in 1958, he returned to work and was employed until December, 1968, which is claimed to be the onset of a period of disability. At that time he caught "something like the flu" and his doctor told him to stay home for a few days but he "never could get enough strength back to go back to work."

Dr. Brookins Taylor, an internist, examined the claimant on April 28, 1969. He noted that the patient performed the pulmonary function studies adequately but concluded that he suffered from pulmonary emphysema and chronic bronchitis. He suggested that blood gas studies should be made. These tests gave results generally within normal limits. The Veterans Administration examined the claimant on May 13, 1969 and the examining physician expressed his opinion that the applicant was "unable to perform any type of gainful employment." He noted that Stacy's vital breathing capacity was only 58% of expected normal.

A "Vocational Report" dated June 3, 1969 listed five jobs available in the claimant's region of the country which he was believed capable of doing based on the assumption that he could "do light work." This report was signed "Elizabeth Cox, For: Harvey T. Graham, Vocational Specialist." Neither of these individuals is otherwise identified and absolutely no information is present to indicate that either is indeed a vocational expert. Interpretations of various medical reports were made by the defendant's Disability Determination Section on June 6, 1969 and, on reconsideration, on October 1, 1969. Both reports concluded that the claimant was capable of working at the specific five jobs listed in the "Vocational Report."

Dr. Joshua P. Sutherland, the claimant's personal physician, examined him on October 24, 1969 and made diagnoses of (1) chronic lung disease from bronchitis, emphysema, and left lung lobectomy; (2) caries; and (3) depressive re-

action. He concluded that "this man cannot do manual gainful employment." At the hearing before the hearing examiner the defendant called Miss Hattie B. Spangler, whose extensive qualifications as a vocational expert are listed in the record. She had the benefit both of studying the documentary evidence and also of observing the claimant at the hearing. From these observations she concluded that the claimant was "physically incapable of functioning satisfactorily in the competitive labor market * * *." The hearing examiner accepted her testimony and that of the claimant and awarded a period of disability. On its own motion the Appeals Council undertook a review of this determination and reversed the finding of disability.

■ Although the medical evidence in the record is conflicting, a decision is not difficult. It is admitted by the defendant that the claimant was unable to return to any work in the mines. When the claimant shows that he is unable to return to his past occupation, the burden is on the Secretary to prove that he has sufficient residual skills and abilities to undertake other gainful employment. See Carico v. Gardner, 377 F.2d 259 (4th Cir. 1967); Johnson v. Cohen, 293 F.Supp. 365 (W.D.Va.1968). To meet this burden the Secretary has produced two vocational reports.

■ Miss Spangler, who observed the claimant and whose qualifications are listed in the record, concluded that he was "totally incapacitated." With regard to the contrary finding in the other report, it is not evident that either Elizabeth Cox or Harvey T. Graham, whoever prepared the report, has any qualifications as a vocational expert. This report was based apparently on an analysis of the pulmonary function studies and not on any personal contact with the claimant. The court is of the opinion that this report cannot be regarded as "substantial evidence" as required by 42 U.S.C.A. § 405(g). The hearing examiner's establishment of a period of dis-

ability beginning on December 15, 1968 should be reinstated.

It is the judgment of this court that summary judgment in favor of the plaintiff should be and hereby is granted. The clerk is directed to send certified copies of this opinion to counsel of record for both parties.