Arthur B. HESS, Plaintiff,

v.

Elliott L. RICHARDSON, Secretary,
Health, Education & Welfare,
Defendant.

Civ. A. No. 70–C–109–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

March 27, 1971.

James R. Moore, Abingdon, Va., for
plaintiff.

Birg E. Sergent, Asst. U. S. Atty.,
Roanoke, Va., for defendant.

## OPINION and JUDGMENT

DALTON, Chief Judge.

■ This action is brought under section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. The decision rendered by the hearing examiner on May 26, 1970 denying the plaintiff his claimed disability insurance benefits, became the final decision of the Secretary when the Appeals Council denied the plaintiff's request for review on August 6, 1970. Plaintiff's claim for disability insurance benefits has been rejected at all levels of the administrative process and he now petitions the district court for review of the Secretary's decision. The sole issue before the court in this action is whether the Secretary's final decision denying the plaintiff his requested disability benefits is supported by substantial evidence.

In the present case the evidence is not in any real dispute. The claimant completed the ninth grade of school and engaged in coal mining for eighteen years off and on until 1960 when the mines in which he previously worked were played out and he was permanently laid off. Since then he and his wife jointly operated a grocery store and a fifty acre farm. It is clear that his wife had the primary responsibility for running the store while he managed the farm.

While putting up some hay on his farm on July 1, 1967 claimant suffered severe chest pains. He was later treated by Dr. Robert F. Baxter for a collapsed lung.

The record shows that the claimant no longer works very much in the grocery store or on the farm. The claimant testified to this fact and this was vouched for by his wife and daughter in interviews which a district officer considered reliable. The medical evidence in the present controversy consists of two reports, one by Dr. Baxter, a general practitioner interested in cardiovascular diseases, and one by Dr. M. H. Onder, an internist consultant interested in cardiovascular and pulmonary diseases. Dr. Baxter found that the claimant was suffering from chronic pulmonary insufficiency with pulmonary fibrosis and generalized emphysema and coal worker's pneumoconiosis (black lung). Dr. Baxter further found that the claimant had a history of a lung collapse (pneumothorax) and that he suffered from generalized arteriosclerosis with coronary arteriosclerosis and insufficiency. Dr. Onder, the government's consultant, found the claimant to be suffering from pulmonary fibrosis (mild to moderate), pulmonary emphysema (mild), history of spontaneous pneumothorax, arteriosclerosis of aorta probable, calcific aortic stenosis, anginal syndrome and cerebrovascular insufficiency syndrome.

The standard by which the plaintiff's claim has been gauged by this court is that contained in section 223 of the Social Security Act, 42 U.S.C. § 423. Section 223(d) (1) (A) now provides that the term "disability" shall be defined as an

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected * * * to last for a continuous period of not less than 12 months.

The degree of severity which is required for a claimant to be considered under such a "disability" is defined by section 223(d) (2) as it provides that,

> An individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual) 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

■ The hearing examiner found that the claimant had failed to present evidence that he was laboring under such impairments as to constitute a disability as gauged against the applicable statute. It seems clear from the medical evidence presented that the claimant was unable to return to his previous employment in the coal mines. Neither doctor indicates in his report that the claimant would be able to return to any type of strenuous activity. Dr. Onder made no findings regarding this issue and Dr. Baxter concluded that he was forced to retire from any gainful labor due to chronic heart and lung disease expected to persist indefinitely. When the claimant shows that he is unable to return to his past occupation, the burden is on the Secretary to prove that he has sufficient residual skills and abilities to undertake other gainful employment. See Carico v. Gardner, 377 F.2d 259 (4th Cir. 1967); Johnson v. Cohen, 293 F.Supp. 365 (W.D.Va.1968) and Stacy v. Richardson, 320 F.Supp. 936 (W.D.Va.1971).

■ The hearing examiner appears to have had two other bases for denying

the claimant his disability benefits, besides his view that the medical evidence was not sufficient to establish a period of disability. The first of such reasons is that the claimant attempted to secure a job with the Clinchfield Coal Company at Dante, Virginia because he lacked about one year from being eligible for retirement benefits as a coal miner. However, the claimant was flatly rejected when he failed to pass the mandatory physical examination. A mere unsuccessful attempt to secure work cannot be accepted as proof that the claimant was in fact capable of gainful employment, especially in light of the fact that he was rejected. This evidence tends to uphold the plaintiff's contention that he was medically unable to return to his former employment where the benefits would have been substantial had he been able to continue work for another year.

The other factor entering into the hearing examiner's decision was the fact that the total earnings of claimant and his wife in the years since 1967 were substantial, totalling $3102.00 in 1968. This sum was the total reported upon the joint income tax return of the claimant and his wife. A figure used for tax computation on a joint return cannot be taken as proof of the proposition that one of the taxpayers has the residual capacity to engage in substantial gainful employment for purpose of the Social Security Act, unless it also be shown that he or she did engage in substantial production work in earning such income. In this case, the testimony is uncontradicted that it was his wife who produced substantially all of the income from the store and that the claimant's brother-in-law worked the farm.

The hearing examiner did not have the benefit of a vocational expert at the hearing in order to determine whether or not there were existing jobs for which the claimant might qualify. Nor did the claimant have counsel to assist him in presenting his evidence in a coherent fashion. Certainly, the medical evidence should speak directly to the issue of whether the claimant is employa-

ble and if so to what extent. Also, a vocational expert should be consulted as to the availability of suitable jobs in the area including those of supervising his farming operations and tending the store. None of these factors were developed sufficiently in the administrative proceedings.

 For the reasons discussed above, it cannot be said that the Secretary's decision was based upon substantial evidence. Accordingly, this claim is remanded to the Secretary for a further hearing to determine whether the claimant's impairments render him unable to engage in any substantial gainful employment within the meaning of the Social Security Act.